**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

JOSHUA ESRA,

      Plaintiff,

      v.

EQUIFAX INFORMATION SERVICES,
LLC,

      Defendant.

CIVIL ACTION NO.: 4:25-cv-81

**O R D E R**

Defendant filed a Motion to Stay Discovery. Doc. 29. Plaintiff filed a Response in opposition. Doc. 32. For the following reasons, the Court **GRANTS** Defendant's Motion to Stay. This stay will be automatically lifted upon the issuance of a Court order ruling on Defendant's motion for judgment on the pleadings. The Court further **DIRECTS** the parties to confer within 14 days of a ruling on Defendants' motion for judgment on the pleadings and then submit their Rule 26(f) report 7 days after their conference, should this case remain pending after the resolution of Defendant's motion for judgment on the pleadings.

Plaintiff filed suit, alleging violations of the Fair Credit Reporting Act ("FCRA"). Doc. 1. Plaintiff alleges that multiple bank tradelines have inaccurately reported monthly payments in Plaintiff's Equifax credit file. Id. at 2. Plaintiff argues that, because of this, his credit report is erroneous. Id. at 3–4. Plaintiff alleges that Defendant acted negligently by failing to maintain accurate credit information about him when reporting his credit information to third parties. Id. at 9.

Defendant filed a motion for judgment on the pleadings, seeking dismissal of the Complaint with prejudice.  Doc. 16.  Plaintiff responded to Defendant's motion for judgment on the pleadings.  Doc. 19.  Defendant then filed this Motion to Stay.  Doc. 29.  Plaintiff responded. Doc. 42.

Defendant, in the motion for judgment on the pleadings, argues that Plaintiff fails to state a claim under the FCRA.  Doc. 16-1.  Defendant argues that its reporting of Plaintiff's credit was accurate.  Id. at 5–14.  Defendant argues that Plaintiff failed to plead all elements of an FCRA claim.  Id. at 14–22.

In the Motion to Stay, Defendant argues that a stay should be entered because resolution of the motion for judgment on the pleadings would dispose of all claims.  Doc. 29 at 5–6. Defendant argues that "the parties should not be required to expend any further time, energy, and resources propounding and responding to discovery requests and conducting depositions regarding claims unlikely to survive based on well-accepted legal principles and case law."  Id. at 6.  Plaintiff argues in response that the motion for judgment on the pleadings is not "clearly meritorious."  Doc. 32 at 4.  Therefore, Plaintiff argues that the circumstances do not justify a stay.  Id. at 4–5.

The Court has broad discretion when deciding whether to issue a stay of discovery. Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017).  Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties.[1]  Carapella v. State Farm Fla. Ins. Co., No. 8:18-

---

[1]     A motion for judgment on the pleadings "is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  King v. Akima Global Servs., LLC, 775 F. App'x 617, 620 (2019) (11th Cir. 2019) (citing Carbone v. Cable News Network, 910 F.3d 1345, 1350 (11th Cir. 2018)).

CV-2396-T-36, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1367–68 (11th Cir. 1997).  For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss.  <u>See, e.g.</u>, <u>Diaz v. Atkinson County</u>, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); <u>Habib v. Bank of Am. Corp.</u>, No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1368 (11th Cir. 1997) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); <u>Berry v. Canady</u>, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting <u>Moore v. Potter</u>, 141 F. App'x 803, 807 (11th Cir. 2005) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].")).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." <u>SP Frederica, LLC v. Glynn County</u>, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting <u>Feldman v. Flood</u>, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion." <u>Chudasama</u>, 123 F.3d at 1367.

Defendant has met its burden in showing a stay is appropriate.  A "preliminary peek" reveals Defendant's motion would dismiss the case entirely and may reduce the scope of discovery.  Defendant argues that Plaintiff has failed to plead necessary elements of an FCRA claim.  These issues present a purely legal question, seemingly obviating the need for any discovery to take place before the motion to for judgment on the pleadings is resolved.  <u>Rivas</u>,

676 F. App'x at 932.  Courts in this Circuit routinely grant motions to stay discovery where the

"resolution on the pending motion to dismiss may extinguish some or all of the claims . . .

potentially restricting the scope of discovery significantly."  Jackson v. Fed. Home Loan Mortg.

Corp., No. CV413-124, 2014 WL 12659868, at *1 (S.D. Ga. Apr. 29, 2014) (quoting White v.

Georgia, No. 1:07-cv-01739, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007)); Moore v.

Potter, 141 F. App'x 803, 808 (11th Cir. 2005) (explaining "any legally unsupported claim that

would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if

possible." (quoting Chudasama, 123 F.3d at 1368)).  Thus, the fact resolution of the motion for

judgment on the pleadings may dispose of the case entirely, or at least reduce the scope of

discovery significantly, counsels in favor of granting a stay.

Plaintiff argues against a stay, arguing that "[a] stay is not automatic simply because a

motion to dismiss is pending."  Doc. 32 at 1.  Plaintiff argues that Defendant "has failed to meet

its threshold burden to show an overwhelming likelihood of success on the merits for its pending

motion for judgment on the pleadings."  Id. at 4.  Plaintiff is correct that no per se rule mandates

a stay, but a stay is still appropriate here.  Further, there is no requirement that a pending

dispositive motion show an "overwhelming" likelihood of success.  Here, Defendant's motion

for judgment on the pleadings appears on its face to be plausibly meritorious.  There appears to

be little harm in delaying discovery, even if Plaintiff's claim survives Defendant's motion for

judgment on the pleadings.

Plaintiff also has not alleged that he will be prejudiced or harmed by a stay.  A stay will

not pose any additional risk of prejudice and will not lead to destruction of evidence.  Weighing

the potential prejudice to Plaintiff by the potential delay inherent in a stay, the potential cost of

unnecessary discovery militates in favor of the stay.

4

In sum, a "preliminary peek" at Defendant's motion for judgment on the pleadings reveals that its arguments are plausible.  If the Court grants all of Defendant's requested relief, the lawsuit would be dismissed in its entirety.  Because litigation costs could be avoided by a stay, I find good cause to stay discovery.

For these reasons, the Court **GRANTS** Defendant's Motion to Stay Discovery.  This stay will be automatically lifted upon the issuance of a Court order ruling on Defendant's motion to for judgment on the pleadings.  The Court **DIRECTS** the parties to confer within 14 days of a ruling on the motion for judgment on the pleadings and then submit their Rule 26(f) report 7 days after their conference.

**SO ORDERED**, this 23rd day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA