# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

JOSHUA ESRA,

    Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant.

4:25-cv-81

## ORDER

This action is before the Court on Defendant Equifax Information Services, LLC's motion for judgment on the pleadings. Dkt. No. 16. For the reasons given below, Defendant's motion, dkt. no. 16, is **DENIED**.

## BACKGROUND[1]

### I.    Factual Background

Plaintiff Joshua Esra alleges that on or about April 15, 2024, he obtained his credit disclosure provided by Defendant Equifax Information Services, LLC (hereinafter, "Equifax"). Dkt. No. 11. Based on this disclosure, Plaintiff noted that two credit account descriptions, or "tradelines," reported monthly payment amounts on

---

[1] At this stage, the Court must "accept as true all facts alleged in the non-moving party's pleading and [ ] view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

accounts Plaintiff alleges had been previously closed: one tradeline with Merrick Bank and the other tradeline with Synchrony Bank (the "disputed tradelines"). Id. ¶¶ 7-8, 11. On April 19, 2024, Plaintiff sent a letter to Equifax disputing the information contained in the two tradelines. Id. ¶ 12. In that letter, Plaintiff allegedly informed Equifax that the accounts were closed and that Plaintiff did not owe a scheduled monthly payment to either bank. Id. ¶ 13. Further, Plaintiff requested that the scheduled monthly payment amounts be adjusted to $0.00. Id. As of September 5, 2024, Plaintiff's Equifax credit disclosure still allegedly reported scheduled monthly payments that were not $0.00. Id. ¶ 17. Plaintiff claims that this reporting is misleading and a violation of industry standards. Id. ¶¶ 9-10. Also, he claims that Equifax willfully or negligently failed to assure maximum possible accuracy of the information it reported to one or more third parties and that Equifax failed to conduct a reasonable investigation after learning of the alleged inaccuracy under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"). Id. ¶¶ 47-48, 54-55.

As a result of this reporting, Plaintiff has allegedly suffered credit damages and emotional damages. Id. ¶ 19. He claims that he is unable to "improve his financial situation by obtaining new or more favorable credit terms." Id. Additionally, Plaintiff claims he has suffered "undue anxiety, stress, frustration, and

other forms of emotional distress" and, relatedly, "loss of sleep and stress headaches" due to Defendant's reporting of scheduled monthly payment amounts on the disputed tradelines. Id.

## II.   Procedural Background

Plaintiff filed his complaint in this Court on April 10, 2025. Dkt. No. 1. In his complaint, Plaintiff asserts two claims against Equifax: Negligent Violation of the Fair Credit Reporting Act (Count Five) and Willful Violation of the Fair Credit Reporting Act (Count Six). Id. ¶¶ 44-57. Equifax filed its answer on June 25, 2025. Dkt. No. 12. Shortly thereafter, Equifax moved for judgment on the pleadings, dkt. no. 16-1, Plaintiff responded in opposition, dkt. no. 19, and Equifax replied, dkt. no. 28.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court will "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." Perez, 774 F.3d at 1335. "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." Carbone v. Cable News Network, Inc., 910 F.3d 1345, 1350 (11th Cir. 2018). Under this standard, a claim avoids dismissal "if the complaint alleges facts sufficient to establish that the claim is 'plausible on its face.'" Id. (quoting Bell Atl. Corp v. Twombly,

3

550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

### I.   Plaintiff has alleged an inaccuracy or misleading statement in his credit report as required by 15 U.S.C. § 1681e and § 1681i.

Under both provisions of FCRA which Plaintiff claims Equifax violated, 15 U.S.C. § 1681i and § 1681e, a plaintiff must allege, as part of his prima facie case, that his credit report or file contains factually inaccurate information. See Losch v. Nationstar Mortg. LLC, 995 F.3d 937, 944 (11th Cir. 2021); Ray v. Equifax Info. Servs., LLC, 327 F. App'x 819, 826 (11th Cir. 2009) (citing Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156, 1161 (11th Cir. 1991)); Lazarre v. JPMorgan Chase Bank, N.A., 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011) (citation omitted). A credit report or file contains factually inaccurate information when the information is "factually incorrect, objectively likely to mislead its intended user, or both." Erickson v. First Advantage Background Servs. Corp., 981 F.3d 1246, 1252 (11th Cir. 2020).

Equifax first argues that it is entitled to judgment on the pleadings because Plaintiff cannot allege an inaccuracy under either § 1681e or § 1681i of FCRA. Dkt. No. 16-1 at 5-14. To support this argument, Equifax relies in part on its investigation

results regarding Plaintiff's claims which, according to Equifax, demonstrate that the information presented could not mislead potential creditors. See id. at 4–5, 7–8, 12; Dkt. No. 16-2 (the investigation results). Equifax argues that the investigation report shows that the reported tradelines are not misleading because, it asserts, the scheduled monthly payment field is meant to be read as a historical term to give potential creditors insight into what the consumer is willing and able to pay. Dkt. No. 16-1 at 9–10. Further, Equifax contends that when all of the information in the tradeline is viewed as a whole it is objectively clear that there is no ongoing payment obligation. Id. at 12. Therefore, as a preliminary matter, the Court must decide whether it may consider the investigation results in its determination.

"[W]hen resolving a motion to dismiss or a motion for judgment on the pleadings, a court may properly consider a document not refer[enced in] or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024) (citations omitted). Plaintiff challenges the consideration of the investigation report on two grounds: (1) the investigation report was not referenced in the complaint, and (2) the report is addressed to "Carl Schwartz" and not Plaintiff, and Plaintiff's name does not appear in the

5

document. Dkt. No. 19 at 5-6.

First, a document need not be referenced in the complaint to be central to Plaintiff's claims, and the Court in <u>Johnson</u> expressly rejected such a requirement. 107 F.4th at 1299-1300. Here, the investigation report provides the results of Equifax's investigation into a consumer credit report. Dkt. No. 16-2 at 1-3. There are two tradelines presented with commentary on the results of the investigation: one account listed under "SYNCB/PAYAL," and another account listed under "Merrick Bank." <u>Id.</u> at 9-11, 13-14. Equifax claims that this information is central to Plaintiff's claims, which are based on allegedly false and misleading information contained in two tradelines in Plaintiff's Equifax credit report. <u>See</u> Dkt. No. 16-1 at 4; Dkt. No. 1 ¶¶ 45-48, 52-55. Though the investigation report attached by Equifax purportedly presents information regarding the disputed tradelines, it is not clear from the document that it actually does so. Therefore, the Court cannot say that the investigation report is so "central" to Plaintiffs claims as to be incorporated by reference into Plaintiff's complaint, though discovery may show that it is. <u>See Ellis v. Equifax Info. Servs., LLC</u>, No. 1:18-CV-5185-TCB-CMS, 2019 WL 3503538, at *2 (N.D. Ga. June 6, 2019) (refusing to consider an internal disclosure of the plaintiff's credit report when the at-issue claims were based on credit reports obtained at particular times, but noting that such a disclosure

6

might be evidence as to the ultimate issue), <u>report and recommendation adopted</u>, 2019 WL 5406558 (June 25, 2019).

Second, to the extent that Plaintiff is contesting the authenticity of the investigation report by noting that it is addressed to "Carl Schwartz" and not Plaintiff, and Plaintiff's name does not appear in the document, dkt. no. 19 at 5, such an issue must be resolved later as well. Equifax argued in its reply that this objection might be misleading. Dkt. No. 28 at 2–4. Indeed, Equifax submits multiple documents to support its contention. <u>See</u> Dkt. No. 28 at 20–22 (declaration of Donald Stephens, litigation support for Equifax); <u>id.</u> at 24 (purported dispute letter from attorney Carl Schwartz with the Credit Repair Lawyers of America on behalf of Plaintiff to Equifax). However, neither the declaration nor the letter can fairly be regarded as "central" to Plaintiff's complaint under the incorporation by reference doctrine, and declarations and extrinsic materials are more properly considered on a motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(a). Therefore, because Plaintiff appears to contest the authenticity of Equifax's investigation report, the Court may not properly consider the investigation report as incorporated into the pleadings by reference.

Plaintiff has plausibly alleged the existence of inaccurate or misleading information in the disputed tradelines under FCRA. Specifically, Plaintiff has alleged that, though his accounts with

Merrick Bank and Synchrony Bank were closed, and Plaintiff has no monthly payment obligation, the disputed tradelines continued to show a scheduled monthly payment amount. Dkt. No. 1 ¶¶ 8-17. Cf. Ellis, 2019 WL 3503538, at *2 (finding that an inaccuracy in a credit report was sufficiently alleged when the plaintiff alleged that the disputed accounts had a zero balance and the credit agency's reports reflected a monthly scheduled payment).

On this issue, Equifax relies on Meeks v. Equifax Info. Servs., LLC, to argue that reporting a historical monthly payment amount is not an inaccuracy under FCRA. Dkt. No. 16-1 at 8 (citing No. 118CV03666, 2019 WL 1856411 (N.D. Ga. Mar. 4, 2019), report and recommendation adopted, 2019 WL 1856412 (Apr. 23, 2019)). But the reasoning in Meeks is inapplicable here, as Meeks considered the credit reporting agency's investigation report in deciding the motion to dismiss because that report's content and authenticity were not disputed. Id. at *5-6. Here, the Court cannot assess Equifax's investigation report at this time and must accept the allegations in Plaintiff's complaint as true at this stage. Perez, 774 F.3d at 1335. Plaintiff alleges in the complaint that Equifax's reporting required monthly payment amounts on the disputed tradelines when none existed is "false and misleading to any user" including "potential credit grantors." Dkt. No. 1 ¶ 18. A factual determination as to whether Plaintiff actually had a monthly payment amount is not proper at this stage of the litigation.

## II.  **Plaintiff has alleged sufficient facts to support a § 1681e violation claim at this stage.**

Equifax argues that Plaintiff's claims under § 1681e are not adequately alleged because Plaintiff did not claim that any inaccurate reports were, in fact, provided to third parties; he did not adequately allege damages related to the purportedly inaccurate reporting; and he did not allege that Equifax's policies or procedures were unreasonable. Dkt. No. 16-1 at 14–18. To establish a prima facie violation of § 1681e, a plaintiff must allege that (1) inaccurate or misleading information was included in his credit report, (2) the inclusion of the inaccurate or misleading information was due to the reporting entity's failure to follow reasonable procedures to ensure maximum accuracy, (3) he suffered damages, and (4) the damages were caused by the inclusion of the inaccurate or misleading information. Smith v. E-Backgroundchecks.com, Inc., 81 F. Supp. 3d 1342, 1356–57 (N.D. Ga. 2015), abrogated by Erickson v. First Advantage Background Servs. Corp., 981 F.3d 1246, 1252 (11th Cir. 2020) ("[T]o reach 'maximum possible accuracy,' information must be factually true and also unlikely to lead to a misunderstanding. Under that standard, a report that contains factually incorrect information is plainly inaccurate under the Fair Credit Reporting Act. So too for a report that contains factually correct information but nonetheless misleads its users as to its meaning or implication.") As discussed

9

above, Plaintiff has sufficiently alleged the inclusion of inaccurate or misleading information in his credit report. For this reason, the remaining analysis will focus on Equifax's other arguments as to this statutory section.

Equifax's arguments appear to require a degree of pleading specificity that is not required at this stage. See Campbell v. Equifax Info. Servs., LLC, No. 4:18-CV-53, 2019 WL 1332375, at *6 (S.D. Ga. Mar. 25, 2019) ("As to causation and damages, general allegations of harm are sufficient to state an FCRA claim when the complaint as a whole supports the inference that the defendant is liable for the claim." (citing Levine v. World Fin. Network Nat'l Bank, 437 F.3d 1118, 1123-24 (11th Cir. 2006))). Here, Plaintiff alleged that the report was provided to third parties, adversely affecting his ability to obtain credit and causing significant emotional damages. Dkt. No. 1 at 18-19, 49, 56. It is plausible that the existence of an inaccuracy in a credit report—such as the alleged reporting of a monthly payment obligation where none exists—would adversely affect a consumer's ability to obtain credit, and the prospect or occurrence of which may lead to emotional or financial damages. See Campbell, 2019 WL 1332375, at *6 (finding that the existence of "specific facts" demonstrating credit or emotional damages were not to be evaluated when determining if plaintiff had stated a claim under the FCRA); Ellis, 2019 WL 3503538, at *4 (finding that a plaintiff had adequately

pleaded damages and causation related to its FCRA claim and stating, "[a]t the pleading stage of litigation, the factual specificity that [defendant] demands is not required to state a plausible claim").

Equifax's additional argument that Plaintiff must specifically plead what Equifax procedures or policies were unreasonable or not followed does not carry the day. Dkt. No. 16-1 at 17–18. At this point in the proceedings, discovery has not yet begun, and Plaintiff, as an individual consumer, would not have access to all of Equifax's internal policies or procedures. See Dkt. No. 33 (order granting Equifax's motion to stay discovery pending the resolution of its motion for judgment on the pleadings). The Court does not expect Plaintiff to have insight into all of Equifax's internal policies and procedures at this stage. Indeed, cases cited by Equifax in support of this argument were decided, respectively, on appeal of a decision on a motion for summary judgment, on appeal from a denial of judgment as a matter of law, and on a motion for partial summary judgment. Cassara v. DAC Servs., Inc., 276 F.3d 1210, 1216 (10th Cir. 2002) (appeal of a grant of summary judgment); Cortez v. Trans Union, LLC, 617 F.3d 688, 695 (3d Cir. 2010) (appeal, in relevant part, of a district court's denial of judgment as a matter of law); Saenz v. Trans Union, LLC, 621 F. Supp. 2d 1074, 1077 (D. Or. 2007) (order on a motion for partial summary judgment). Accordingly,

11

Plaintiff has adequately alleged facts to support a prima facie case of a § 1681e violation sufficient to survive a motion for judgment on the pleadings.

### III. Plaintiff has adequately pleaded a violation of § 1681i.

Equifax next argues that, for many of the same reasons, Plaintiff has not adequately alleged a violation of FCRA § 1681i. Dkt. No. 16-1 at 18-19. In addition to the arguments already made concerning the existence of an inaccuracy and the sufficiency of Plaintiff's allegations relating to damages, Equifax specifically argues that Plaintiff did not adequately allege that Equifax failed to respond or conduct a reasonable investigation of the disputed tradelines once Equifax had been notified of the alleged inaccuracy, one of the elements of a claim under § 1681i. Id. (citing Bermudez v. Equifax Info. Servs., LLC, No. 607CV-1492-ORL-31GJK, 2008 WL 5235161 at *4 (M.D. Fla. Dec. 15, 2008); Thomas v. Trans Union, LLC, 197 F. Supp. 2d 1233, 1236-37 (D. Or. 2002)); see also 15 U.S.C. § 1681i(a)(1)(A).

Equifax claims that it is "well established" that a plaintiff alleging a violation of § 1681i must allege supporting facts which show how the reporting agency's actions were unreasonable. Dkt. No. 16-1 at 19. To support this principle, Equifax cites one case: O'Connor v. Capital One, N.A., No. CV-00177-KAW, 2014 WL 2215965, at *7 (N.D. Cal. May 29, 2014). However, O'Connor does not specifically address § 1681i, but, rather, it addresses other FCRA

provisions. Id. at *6 (discussing plaintiff's claims under FCRA § 1681s-2(b)). In O'Connor, the complaint did not "even provide a formulaic recitation of the elements of each cause of action" and instead the plaintiff appeared "to have copied and pasted sections of the pertinent statutes with scant information as to how Defendant's actions constitute a cognizable claim." Id. at *3.

The present complaint is distinguishable. Plaintiff alleges that after receiving the initial purportedly inaccurate report, Equifax did not complete a proper investigation into the disputed tradelines and instead continued to report the allegedly inaccurate tradelines. Dkt. No. 1 ¶¶ 11–19, 54–56, 47–49. These alleged facts, though few, are enough to plausibly allege that a reasonable investigation was not completed. If, as Plaintiff alleges, his credit report was misleading or inaccurate, he informed Equifax of this fact, and—months later—his credit report contained the same inaccuracies or misleading information, one could infer that a reasonable investigation of the disputed tradelines did not occur.

## IV. Plaintiff has adequately alleged that Equifax willfully violated the FCRA.

Equifax finally argues that it is entitled to judgment on Count Six, Plaintiff's claim that Equifax willfully violated FCRA, because Plaintiff has not sufficiently alleged willfulness on behalf of Equifax. Dkt. No. 16-1 at 19-20. The term "willfulness"

as used within the FCRA includes both knowing and reckless violations of the Act. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 56–60 (2007). When assessing recklessness: "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69. Specifically, Equifax argues that Plaintiff failed to allege that Equifax had a practice or policy that was objectively unreasonable or that Equifax's interpretation of the FCRA ran a higher degree of risk of a violation than a merely careless reading. Id.

Equifax's knowledge with respect to the violations, as well as the policies and procedures it implements internally, are uniquely within Equifax's possession. Discovery has not begun in this case. Here, Plaintiff has done more than merely recite the elements of the alleged offense: he alleged that there was an inaccuracy in the report, that he notified Equifax of the inaccuracy, and that Equifax refused to fix it. Dkt. No. 1 ¶¶ 7–18, 51–55. These allegations are enough, at this stage, to allege a willful violation of the FCRA. Cf. Ellis, 2019 WL 3503538, at *5 (finding that a plaintiff had adequately alleged willfulness in an FCRA claim when the plaintiff alleged "that there was a fairly obvious error on her credit report, and that despite being made

14

aware of the error, [the defendant credit reporting agency] did not fix it").

## CONCLUSION

For the reasons stated above, Equifax's motion for judgment on the pleadings, dkt. no. 16, is **DENIED**.  The parties are **ORDERED** to conduct their Rule 26(f) conference in accordance with the Magistrate Judge's Order dated October 23, 2025.

**SO ORDERED** this 31st day of March, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

15